UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

| | |
|---|---|
| WILDEARTH GUARDIANS AND ROCKY MOUNTAIN WILD, <br><br>*Appellants,*<br><br>v.<br><br>U.S. FISH AND WILDLIFE SERVICE, et al.,<br><br>*Defendants-Appellees,*<br><br>JEFFERSON COUNTY BOARD OF COUNTY COMMISSIONERS, et al.,<br><br>*Intervenors-Appellees*. | No. 12-1508, 12-1509<br><br>D.C. No. 11-3294-PAB (consolidated with 12-34-PAB & 12-388-PAB)<br>District of Colorado<br><br>**APPELLANTS' JOINT REPLY BRIEF SUPPORTING THEIR MOTION TO FILE A SUPPLEMENTAL APPENDIX** |

Appellants WildEarth Guardians, Rocky Mountain Wild and Town of Superior submit this reply to the October 25, 2013 opposition brief filed by Appellees U.S. Fish and Wildlife Service et al. (FWS). On October 21, 2013, Appellants moved to file a Supplemental Appellants' Appendix, which included three documents. FWS's response claims Appellants offer new arguments through these documents.

However, as detailed in Appellants' Motion, these documents are presented to reply to Appellees' Response Brief on the merits of this appeal concerning the public health impacts of the Tolled Highway relating to plutonium releases and

1

motor vehicle emissions and FWS's violations of the National Environmental Policy Act (NEPA). Two of the three documents are cited in one paragraph in Appellees' Reply Brief, which reads:

> FWS asserts that the Corridor did not contain plutonium concentrations above the adopted 9.8 pCi/g standard, which means, according to FWS, that there are no significant public health impacts from highway construction. Opp. 37. However, EPA adopted this standard specifically for the Refuge to prevent an "unacceptable risk to the WRW [wildlife refuge worker]." App. 119; App. 525. As detailed above, a standard based on actions undertaken by a typical wildlife worker does not translate to uses contemplated by the Land Exchange -- highway construction. See also App. 284-86; *Appellants' Supp. App. 5-19*. In any case, Figure 27 from the CAD/ROD depicts exceedances of the 9.8 pCi/g standard within the Corridor (*Appellants' Supp. App. 1*), the sampling performed was not specific to the Corridor (App. 369), and FWS refused to conduct soil sampling commensurate with constructing a Tolled Highway through this portion of the Refuge. Opening 29, n.11.

Appellants' Joint Reply Brief at 12-13 (emphasis added). As is made clear, the cited comment letter from Charles Newby (Appellants' Supp. App 5-19) is used to reinforce another comment letter from Mr. Newby showing that regardless of the contamination levels in the Corridor, such levels are unsafe for construction of a Tolled Highway as compared to maintaining as a National Wildlife Refuge, as was envisioned. The referenced map (Appellants' Supp. App. 1) appears to undercut FWS's claim that plutonium levels within the Corridor are below levels deemed safe for a "Wildlife Refuge Worker" and "Wildlife Refuge Visitor." Both contentions were made in Appellants' Opening Brief (Opening at 25-28) and the

cited documents specifically address arguments Appellees made in their Response Brief.

The third document is referenced in Footnote 7 of Appellees' Reply Brief and responds to FWS's reliance on the 2003 Northwest Corridor Study:

> FWS cannot lawfully rely on the Northwest Corridor Study on this issue. See Opp. 47. As conceded, that study is "quite out of date" -- having been completed in 2003 -- and did not "include" consideration of the applicable nitrogen dioxide standard. *Appellants' Supp. App. 2-3*.

Appellants' Joint Reply Brief at 12-13 (emphasis added). Appellants did not address the Northwest Corridor Study in their opening brief because the "study" was, in fact, a Draft Environmental Impact Statement that was prepared in 2003 for a project that became defunct. Appellees' Response Brief at 47, n.25. In 2008, the Draft Environmental Impact Statement was simply given a new name – Northwest Corridor Transportation Environmental Study – even though it presented no new information since 2003. Regardless, as the email remarks (Appellants' Supp. App. 2-3), the 2003 Study is "quite out of date" and lacked the analysis that NEPA requires of FWS in completing the challenged Land Exchange. Because FWS chose nonetheless to rely on the 2003 Draft Environmental Impact Statement in their Response Brief at 47, Appellants replied by referencing the admissions in this email.

In short, FWS overstates its position in opposing Appellants' Motion. Indeed, Appellees have taken substantial liberties under the guise of opposing the

Motion and attempt to refute the merits of the three documents, as well as issues not even raised by these documents. Appellees' Opp. at 3-8.  Moreover, FWS's response is presented, in the alternative, as a Motion to add several additional documents to the Appendix, even though FWS filed this Motion without conferring with Appellants, as required under 10th Cir. R. 27.3(C).  The Court should deny this alternative Motion and additional argument.

Respectfully submitted,

Dated: November 1, 2013

*/s/ Neil Levine*
Neil Levine
Law Office
4438 Tennyson St.
Denver, Colorado 80212
303-455-0604
nlevine@grandcanyontrust.org

Matthew Sandler
Rocky Mountain Wild
1536 Wynkoop St. Suite 303
Denver, Colorado 80202
303-546-0214 ext. 1
matt@rockymountainwild.org

*Attorneys for Appellants*
*WildEarth Guardians and Rocky*
*Mountain Wild*


*/s/ Timothy Gablehouse*

Timothy Gablehouse
Melanie Granberg
Gablehouse Granberg, LLC
410 Seventeenth Street #1375
Denver, CO 80202
303-572-0050
Fax: 303-572-3037
tgablehouse @gcgllc.com

*Attorneys for Appellant*
*Town of Superior*

## CERTIFICATE OF SERVICE

I hereby certify that on November 1, 2013, I filed this APPELLANTS' REPLY TO APPELLEES' OPPOSITION TO MOTION TO SUPPLEMENT THE APPENDIX using the Tenth Circuit's ECF system for filing and transmittal of a Notice of Electronic Filing.

/s/ *Matthew Sandler*
Matthew Sandler

Attorney for Appellants

## CERTIFICATE OF ECF COMPLIANCE

I hereby certify that: (1) no information appears that is required to be redacted to protect privacy; (2) no hard copies are required to be filed; and (3) the ECF submission was scanned for viruses with the most recent version of a commercial virus scanning program, and according to the program is free of viruses.

/s/ *Matthew Sandler*
Matthew Sandler

Attorney for Appellants